**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff
*Lawrence Etah*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAWRENCE ETAH,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BANK OF AMERICA CORPORATION,**<br><br>**Defendant.** | **Case No.: 2:20-cv-05778**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>  1. **TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br>  2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788-1788.32**<br><br>**Jury Trial Demanded** |

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO S., SUITE 101
SAN DIEGO, CA 92108

## INTRODUCTION

1. Lawrence Etah ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Bank of America Corporation ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff also brings this action with regard to Defendant's unlawful and abusive attempts to collect a debt allegedly owed by Plaintiff in violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.32 ("RFDCPA"). Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO S., SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO S., SUITE 101
SAN DIEGO, CA 92108

consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION & VENUE

6.  This Court has federal question jurisdiction because this case arises out of violation of federal law.

7.  Because Defendant conducts business within the State of California, personal jurisdiction is established. In addition, Defendant intentionally and voluntarily directed its phone calls at Plaintiff, a California resident, and this action arises from this contact with the forum.

8.  Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons (i) Plaintiff resides in the County of Los Angeles, State of California, which is

within this judicial district; (ii) the conduct complained herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

9.  Plaintiff is, and at all times mentioned herein was, a natural person residing in the County of Los Angeles, in the State of California.

10. Defendant is, and at all times mentioned herein, was a Delaware corporation headquartered in North Carolina. Defendant is authorized to and regularly conducts business within the State of California.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

## FACTS

13. Sometime prior to May 2020, Plaintiff allegedly incurred financial obligations to Defendant (the "Debt").

14. Plaintiff then obtained representation from Attorney, Yana A. Hart ("Plaintiff's Attorney").

15. On or about May 18, 2020, Plaintiff's Attorney, on behalf of Plaintiff, sent a cease and desist letter to Defendant by facsimile advising Defendant of Plaintiff's representation and demanding Defendant to cease all communications with Plaintiff.

16. The cease and desist letter expressly "revoke[d] any and all prior consent, which may have been given to receive telephone calls, including calls to all residential landline(s) and [Plaintiff's] cellular phones [...] [t]his includes any

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO S., SUITE 101
SAN DIEGO, CA 92108

and all calls made from an automated telephone dialing system or with an artificial or pre-recorded voice, as outlined within the Telephone Consumer Protection Act, 47 USC. § 227 *et seq.*"

17. Further, the letter expressly asked Defendant to cease all communications pursuant to Cal. Civ. Code  1788.

18. Despite this unequivocal, explicit admonishment, Defendant, in attempt to extract a payment from Plaintiff, sent a letter to Plaintiff on May 20, 2020, stating that Plaintiff's account "**is at risk of being charged off if [Defendant] [does not] receive a payment of $377.00 by 7 p.m Eastern on the last business day of the month."**

19. The letter emphasized the threatened action by enlarging the above-referenced statement comparing to the rest of the text.

20. The letter clearly disregarded the fact that Plaintiff was now represented by an attorney and sought to cease the activities.

21. Defendant communicated with Plaintiff regarding a debt, despite Plaintiff's Attorney's instructions to cease such communication. As discussed above, Plaintiff's Attorney faxed letter that unequivocally demanded Defendant "cease and desist all communications" with Plaintiff and "direct all future communications" with Plaintiff to Plaintiff's Attorney. Nevertheless, Defendant blatantly and defiantly disregarded Plaintiff's Attorney's demand and Plaintiff's legal rights by constantly calling Plaintiff and sending a collection letter after receiving Plaintiff's cease and desist demands in violation of Cal. Civ. Code § 1788.17.

22. Defendant also continued to call Plaintiff's cellular telephone using an ATDS or pre-recorded voice despite Plaintiff's express revocation of any prior consent to call his number.

23. It is precisely this type of call that the TCPA was created to address and prohibited by 47 U.S.C. § 227(b)(1)(A).

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO S., SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO S., SUITE 101
SAN DIEGO, CA 92108

24. If Plaintiff ever unknowingly consented to such calls, he expressly revoked that consent through the letters, dated May 18, 2020.

25. Defendant's call was not for the purpose of an emergency. Defendant's calls were unsolicited and not in response to an inquiry from Plaintiff or his attorney.

26. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

27. This telephone call made by Defendant was in violation of 47 U.S.C. § 227(b)(1). Further, this telephone call invaded Plaintiff's privacy.

## FIRST CAUSE OF ACTION:

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION:

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE

## CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

32. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION:**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL.CIV. CODE §§ 1788-1788.32 (RFDCPA)**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitutes a violation of the RFDCPA.

38. As a result of this violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

**PRAYER FOR RELIEF**

39. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff r the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's negligent violations of 47 U.S.C. §

227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## FOR KNOWING AND/OR WILLFUL VIOLATION
## OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION
## PRACTICES ACT
## CAL.CIV. CODE §§ 1788-1788.32 (RFDCPA)

- As a result of Defendant's violations of Cal. Civ. Code § 1788.30(a) Plaintiff seeks an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant.

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant.

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant.

- Any other relief the Court may deem just and proper.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO S., SUITE 101
SAN DIEGO, CA 92108

**TRIAL BY JURY**

40.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: June 24, 2020                                     **KAZEROUNI LAW GROUP, APC**

By:    _s/ Yana A. Hart_
Yana A. Hart, Esq.
*Attorneys for Plaintiff*